**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALYCE ANDERSON,

        Plaintiff,

        v.

DAVID P. STEINER, Postmaster
General, United States Postal Service,

        Defendant.

No. 23 CV 15584

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alyce Anderson sued her employer the United States Postal Service for discrimination on the basis of race, color, sex, and disability, for retaliation, and for procedural violations during the Equal Employment Opportunity complaint process. The Postal Service concedes that Anderson has stated a Rehabilitation Act claim for disability discrimination but moves to dismiss the remainder of her claims. For the reasons discussed below, the motion is granted in part and denied in part.

## I.  Legal Standards

A complaint requires only "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.*

III.   **Facts**

Plaintiff Alyce Anderson alleges that she was discriminated against based on her race, color, sex, and disability, and was retaliated against after she engaged in protected activity when she was told her job position was eliminated and she would be moved to a new position. [16] ¶ 1.[1] She also alleges that after she filed complaints with the Postal Service's Equal Employment Opportunity Department against an EEO employee, she received a call from that employee saying that the Postal Service's human resources manager would not respond to Anderson's request because she had an EEO complaint on file. [16] ¶¶ 3–4. She says that her requests were "intentionally ignor[ed]" and management officials "deliberately refus[ed] to acknowledge" her and her healthcare providers' request for Anderson to be moved to another "Non-Hostile, Healthier, and Safer workplace environment within the US Postal Service." [16] ¶¶ 2, 5. Anderson also alleges that her hearing on her EEO complaints did not occur within the required 180-day time period, that during the EEO process, Postal Service employees and the EEO judge engaged in ex parte communications and conspired to

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from plaintiff's complaint, [16].

2

dismiss her complaints, and that during her hearing she was not allowed to have an attorney or doctor present. [16] ¶¶ 7–8.

## IV.    Analysis

### A.    Exclusive Remedy for Employment Discrimination

The Postal Service argues that the Rehabilitation Act and Title VII provide the exclusive remedies for federal workplace discrimination. It says Anderson's discrimination claims based on other authority must be dismissed.

Title VII "provides the exclusive judicial remedy for claims of [race, color, sex, and national origin] discrimination in federal employment." *Mlynczak v. Bodman*, 442 F.3d 1050, 1057 (7th Cir. 2006); *Wilson v. Brennan*, 724 Fed. App'x 466, 469 (7th Cir. 2018). Similarly, the Rehabilitation Act provides the sole judicial remedy for claims of disability discrimination. *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). All of Anderson's employment discrimination claims based on race, color, and sex must be brought under Title VII, *see* 42 U.S.C. § 2000e-16(a) (prohibiting discrimination on the basis of race, color, religion, sex, or national origin in federal employment) and (c) (creating private right of action and vesting federal courts with jurisdiction over such actions), and her claims based on disability must be brought under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1) (incorporating Title VII's remedies, procedures, and rights for claims of disability discrimination).

The Postal Service also argues that Anderson cannot bring claims under the Civil Service Reform Act, because I do not have jurisdiction to consider claims alleging prohibited personnel practices. It cites to *Paige v. Cisneros*, 91 F.3d 40, 42–43 (7th Cir. 1996), which held that district courts lack the authority to hear

3

challenges to personnel actions of a type appealable to the Merit Systems Protection Board. But the plaintiff in *Paige* did not challenge the employment action based on discrimination. Where an employee complains "of a personnel action serious enough to appeal to the [Merit Systems Protection Board] *and* alleges that the action was based on discrimination," the case is described as a "mixed case." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017) (emphasis in original). In "mixed cases," an employee "may first file a discrimination complaint with the agency itself," and, if the agency decides against her, she can sue in district court. *Id.* The case "shall be filed" under the applicable enforcement provisions of the relevant federal antidiscrimination laws. *Id.* at 426.

Anderson alleges that she was discriminated against based on her protected characteristics and retaliated against for engaging in protected EEO activity when her position was eliminated and she was changed to a new one. [16] ¶ 1. Because she alleges both a personnel action and that the action was based on discrimination, the case is "mixed." I have jurisdiction to review "mixed" cases. In any case, her claim was required to be filed under Title VII and the Rehabilitation Act. *Perry*, 582 U.S. at 426. To the extent that Anderson brings a standalone Civil Service Reform Act claim, it is dismissed with prejudice.

The Postal Service argues that any claim Anderson makes under the Federal Service Labor-Management Relations Act must be dismissed. The Federal Service Labor-Management Relations Act does not apply to the Postal Service. *See* 39 U.S.C. § 410(a) ("Except as provided by [§ 410(b)], and except as otherwise provided in [title

39] or insofar as such laws remain in force as rules or regulations of the Postal Service, no Federal law dealing with … employees … shall apply to the exercise of the powers of the Postal Service."); § 410(b) (only chapter 4, relating to inspectors general, and § 5520a, relating to garnishment of pay, of Title 5 listed); *see also U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 9 F.3d 138, 139 n.1 (D.C. Cir. 1993) ("The Postal Service is covered by the [National Labor Relations Act], and not the Federal Service Labor-Management Relations Act."). Any claim under the Federal Service Labor-Management Relations Act is dismissed with prejudice.

To the extent Anderson cites other statutes, regulations, or policies (i.e., criminal statutes, EEO regulations, and the Postal Service Employee Labor Manual) in her complaint, they are cited in support of her claims of discrimination and retaliation. Claims of employment discrimination must be brought under Title VII or the Rehabilitation Act. *Mlynczak*, 442 F.3d at 1057; *Mannie*, 394 F.3d at 982. Any discrimination claims based on other sources are not cognizable and are dismissed with prejudice.

## B.      Failure to State a Claim

The Postal Service also argues that Anderson's complaint should be dismissed because her bare assertions that the alleged events were "[b]ased on" race, color, sex, disability, and retaliation are conclusory and unsupported by adequate factual allegations.

A complaint does not need to plead a prima facie case of discrimination. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024). A plaintiff must "plead "*claims* rather than facts corresponding to the elements of a legal theory." *Id.* at 1337

5

(quoting *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017)) (emphasis in original). "'I was turned down for a job because of my race' is all a complaint has to say.'" *Id.* (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). Anderson alleges that her position was eliminated and she was moved to a new position "based on" her "Race/Color (Black), Retaliation (For engaging in prior protected EEO activity), Sex (Female), Disability (PTSD, Anxiety, Panic Attacks, Depression)." [16] ¶ 1. She is allowed to plead in the alternative. *United Fire & Cas. Co. v. Prate Roofing & Installations, LLC*, 7 F.4th 573, 584 (7th Cir. 2021) ("Such alternate pleading is both permitted and routine."). This is sufficient to plead race, color, sex, and disability discrimination and retaliation.

Anderson also alleges that she was told that the Chicago district human resources manager would not be responding to her "request" (presumably to be moved to another Postal Service facility or location, as set out in paragraphs 2 and 5) because she had an EEO complaint on file. [16] ¶ 4. She also says that she was told that her request would be ignored based on her race, color, sex, and disability. [16] ¶ 4. Her complaint alleges that her requests were "ignored" and went unacknowledged. [16] ¶ 5. Taking all inferences in Anderson's favor, she was denied a transfer to a "non-hostile, healthier, and safer workplace environment within the US Postal Service" because of her protected characteristics and protected activity. She has met her burden to plead race, color, sex, and disability discrimination and retaliation because she has alleged that she was effectively denied a transfer based on her protected

6

characteristics and activity; defendant is on notice of her plausible claim for relief. *Thomas*, 120 F.4th at 1337.

### C.    Equal Employment Opportunity Procedure Claims

The Postal Service also argues that Anderson's claims based on the procedural aspects of her EEO complaint should be dismissed because they are not exhausted and because there is no cause of action that a federal employer failed to process an EEO complaint. *See* [16] ¶¶ 4, 7–8.

There is no "failure-to-process" cause of action against the EEO. *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000). "The proper course for a [] plaintiff whose claim the EEOC mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." *Id.* Even if the Postal Service EEO lawyers and the EEO administrative law judge "botched the processing of her complaint, [Anderson] is now already in a federal court on the merits, and any earlier mishandling is essentially moot." *Id.* Anderson's failure-to-process claim "does not state a claim upon which relief can be granted." *Id.* The claims alleging any defect in the EEO complaint process in paragraphs 4, 7, and 8 of Anderson's complaint (to the extent they purport to bring a claim distinct from a discrimination or retaliation claim under Title VII or the Rehabilitation Act) are dismissed with prejudice.[2]

---

[2] Because I find there is no cognizable claim for failure-to-process, I do not reach the Postal Service's exhaustion argument.

7

## IV. Conclusion

The defendant's motion to dismiss, [56], is granted in part and denied in part. Plaintiff's employment discrimination claims based on any statute, regulation, or policy other than Title VII or the Rehabilitation Act are dismissed with prejudice. Her claims based on the EEO process in paragraphs 4, 7, and 8 are dismissed with prejudice. Her claims for employment discrimination and retaliation based on race, color, sex, and disability in paragraphs 1 and 4, as well as her Rehabilitation Act claims, remain.

ENTER:

Manish S. Shah
United States District Judge

Date: March 2, 2026

8